336 So.2d 658 (1976)
Jeffrey MAXWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 75-185.
District Court of Appeal of Florida, Second District.
August 4, 1976.
Rehearing Denied September 13, 1976.
John F. Pitcher, of Scovill & Pitcher, Sarasota, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellee.
*659 PER CURIAM.
The question presented on this appeal is whether possession of marijuana was appellant's "second offense," and, therefore, a felony, when appellant had previously been placed on probation (but not adjudicated guilty) for a similar charge.
On April 26, 1973, following a plea of nolo contendere, appellant was placed on probation for misdemeanor possession of marijuana. Adjudication of guilt was withheld and the period of probation was three years.
On October 31, 1974, appellant was charged with felony possession of marijuana (less than five grams), and felony possession of paraphernalia, under Fla. Stat. § 893.13. The information alleged that it was appellant's "second such offense."
Appellant moved to dismiss on the grounds that he had never been convicted of a like offense. The motion was denied. Appellant pled nolo contendere, preserving his right to raise this point on appeal. He was sentenced to two and one-half years, with three months to be spent in county jail and the remainder withheld.
Florida Statute § 893.13(1)(f) provides:
"(f) If the first offense is the possession or delivery without consideration of not more than [five] 5 grams of cannabis, that person shall be guilty of a misdemeanor of the first degree, punishable as provided in § 775.082 and § 775.083 . .."
Appellant points to Pope v. State, Fla. App.2d 1972, 268 So.2d 173, in which we stated that an allegation of a previous "conviction" was necessary to give the felony court jurisdiction of a marijuana charge under Fla. Stat. § 404.15 (1971), the predecessor to Fla. Stat. § 893.13(1)(f). Our Supreme Court has made a similar statement in Patterson v. State, Fla. 1975, 313 So.2d 712.
The state argues these cases are not applicable because Fla. Stat. § 893.13(1)(f), unlike its predecessor, unambiguously refers to a first offense, not a first conviction and that the legislature deliberately chose the word "offense" as a more general term. It is not necessary to decide this point, however, because even if the legislature had used the word "conviction" in the statute, that would not necessarily support appellant's position. In State v. Gazda, Fla. 1971, 257 So.2d 242, the Supreme Court distinguished between a "conviction" and a "judgment of conviction" for the purposes of construing Fla. Stat. § 775.14, Limitation on Withheld Sentences. The court held that for the purposes of that statute the term "conviction" means determination of guilt by verdict of the jury or by plea of guilty, and does not require adjudication by the court. Cf. Singletary v. State, Fla. App.4th 1974, 290 So.2d 116, at note 4.
We think the reasoning of Gazda, supra, is persuasive in the present case. The intent of the legislature was to prevent the conferring of felony status upon the accused the first time he is found in possession of a small quantity of marijuana. But once possession has been judicially established, whether by a guilty plea, a nolo plea, or a jury verdict, the status of the second charge must not be determined on the basis of whether or not the judge had withheld adjudication pursuant to RCrP 3.670. If that were the controlling factor, a judge may be reluctant to exercise the power to withhold adjudication granted under the above rule. He might be unwilling to give the defendant an unwarranted second chance to risk no more than another misdemeanor charge should the defendant again possess marijuana. This in turn would be a great detriment to first offenders.
There are two other statutes which may bear upon the present problem. Florida Statute § 893.14, which provides for conditional discharge and expungement of records of certain drug offenses, including possession of marijuana, provides in part:
"... Discharge and dismissal under this section shall be without court adjudication of guilt, but a nonpublic record thereof shall be retained by the Department of [Criminal] Law Enforcement solely for the purpose of use by the courts *660 in any subsequent criminal proceedings and in determining whether such person qualifies under this section. Discharge and dismissal hereunder shall not be deemed a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime, but it shall be deemed a conviction for the purpose of determining whether a defendant in a subsequent criminal prosecution is a multiple offender. Discharge and dismissal under this section may occur only once with respect to any person."
On the other hand, Fla. Stat. § 775.084, the habitual offender statute, provides in part:
"(2) For the purposes of this section, the placing of a person on probation without an adjudication of guilt shall be treated as a prior conviction if the [felony] for which he is to be sentenced was committed during such probationary period."
The latter statute was not passed until after the relevant dates here, and the quoted section does not purport to affect matters outside of § 775.084. Both statutes, however, show the legislature's view that withholding of adjudication is to be treated as a judgment of conviction for purposes of subsequent punishments, at least where the second crime is committed during the probationary period. In the present case, the second possession was committed during such a period. We need not decide here whether a different result might be reached if the probationary period had expired before the second charge had been brought.
Finally, the sentence imposed here was a general sentence which is impermissible under Darden v. State, Fla.App.2d 1975, 306 So.2d 581. We, therefore, affirm the judgments but remand for resentencing in accordance with Darden, supra, apportioning the sentence between the two convictions.
McNULTY, C.J., and HOBSON and SCHEB, JJ., concur.