**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Robert GRINKIEWICZ,**
**Defendant–Appellant.**

**No. 87–6056.**

United States Court of Appeals,
Eleventh Circuit.

May 17, 1989.

Michael Tarre, Coral Gables, Fla., and Robin Greene, Greene & Greene, Miami, Fla., for defendant-appellant.

Linda Collins Hertz, AUSA, U.S. Atty., Sonia Escobio O'Donnell, and William Jung, Asst. U.S. Attys., for plaintiff-appellee.

Before RONEY, Chief Judge, and VANCE, Circuit Judge, and KAUFMAN *, Senior District Judge.

PER CURIAM:

Defendant Robert A. Grinkiewicz appeals his conviction and sentence on eight counts of violating 18 U.S.C.A. § 922(g)(1), which prohibits the possession of a firearm by one who has been previously convicted of a felony, and two counts of possessing and selling an unregistered short-barrelled shotgun, prohibited by 26 U.S.C.A. §§ 5861(d), 5861(e). The prior conviction alleged in this case was a January 7, 1980 guilty plea to a marijuana conspiracy charge for which the state court judge ordered that adjudication of guilt be withheld pursuant to Florida Statutes § 948.01(3).

Defendant argues that: (1) the withholding of adjudication in the state court means he was not a "convicted" felon under the federal firearms statute; (2) hearsay testimony was inadequate to prove the prior conviction; (3) the court improperly prohibited the defendant from presenting evidence his counsel had promised in opening argument; (4) the prosecutor made improp-

---

* Honorable Frank A. Kaufman, Senior U.S. District Judge for the District of Maryland, sitting by designation.

er statements in closing argument; and (5) the court improperly denied a continuance.

We affirm as to all challenges to his convictions. We remand the case for re-sentencing, however, because the posses-sion of several different firearms housed in the same building is but one violation.

Whether under Florida law a person is considered a convicted felon when there has been a withholding of adjudication of guilt has been settled in this Circuit by *United States v. Orellanes,* 809 F.2d 1526 (11th Cir.1987), *cert. denied,* —— U.S. ——, 109 S.Ct. 55, 102 L.Ed.2d 33 (1988). Con-trary to defendant's argument, that hold-ing cannot be regarded as dictum and this panel is bound by the explicit holding there. *Id.* at 1528.

■ As to the inadequacy of the evi-dence used to prove this prior conviction, we hold there was sufficient evidence at trial for a reasonable jury to conclude that he had pleaded guilty to the prior state court offense. An agent testified to the facts surrounding his earlier arrest and on cross-examination it was revealed that Grinkiewicz admitted the prior proceeding upon his arrest in this case.

■ Grinkiewicz was not deprived of a fair trial when he could not present to the jury his defense that a withheld adjudica-tion did not amount to a "conviction." This defense involved a pure legal question, not a factual issue which the jury must decide.

■ Comments from the prosecutor dur-ing closing that a short-barrelled shotgun was "dangerous" and that Grinkiewicz as-sociated with a felon did not render his trial unfair.

■ Finally, it is clear from the record that Grinkiewicz had an aggressive defense and that he did not suffer because the trial court denied a continuance and the trial occurred some 34 days after his indictment.

Grinkiewicz must be resentenced, how-ever. Counts III through VIII charge him with six violations of the statute stemming from the seizure of six weapons at Grink-iewicz' place of business on July 9. The "simultaneous possession of several weap-ons constitutes only one offense under Sec-tion [922(g) ]." *United States v. Smith,* 591 F.2d 1105 (5th Cir.1979).

■ The defendant failed to object to these multiplicitous counts in the indict-ment prior to trial as required by Fed.R. Crim.P. 12(b)(2), however, so he is barred from challenging his convictions now. *United States v. Mastrangelo,* 733 F.2d 793, 800 (11th Cir.1984). He may, none-theless, challenge his separate sentences for these convictions. *Id.* at 800; *United States v. Davis,* 799 F.2d 1490, 1494 (11th Cir.1986).

■ The Government concedes that at least five of the weapons were simulta-neously possessed, so that the defendant was improperly given separate sentences on those convictions. It argues, however, that one of the firearms was "stored in a different location" in the building and that this supports a separate conviction and sen-tence. *See United States v. Hodges,* 628 F.2d 350, 352 (5th Cir.1980) ("Consecutive sentencing is lawful in those cases in which the Government establishes that the defen-dant received the firearms at different times or stored them in different loca-tions."). This lone firearm was seized from behind a counter in Grinkiewicz' auto parts store. The other weapons were seized at the same time from the defendant's person-al office, which was separated from the counter by a wall and a distance of about 20 feet. Although the courts have not addressed the precise issue of whether mul-tiple weapons are separately possessed when seized from different, although close-ly proximate, areas in the same building at the same time, the most logical extension of present case law compels the conclusion that they are not. *See United States v. Smith,* 591 F.2d 1105 (5th Cir.1979) (jury properly instructed that only one offense charged where four weapons were seized from three different rooms in the defen-dant's home); *United States v. Marino,* 682 F.2d 449 (3d Cir.1982) (simultaneous possession of pistol seized from bedroom nightstand and two rifles discovered in nearby closet during same search constitut-ed single offense). Accordingly, the sen-

**256**

tences as to Counts III through VIII are vacated and the case is remanded for re-sentencing.

AFFIRMED in part, VACATED and RE-MANDED in part.