**UNITED STATES of America**

v.

**Colin THOMPSON, Defendant.**

**No. TCR 90–04055–WS.**

United States District Court,
N.D. Florida,
Tallahassee Division.

Feb. 4, 1991.

Richard Newsome, Asst. U.S. Atty., Tallahassee, Fla., for the U.S.

Ronald L. Jones, Sr., Tallahassee, Fla., for Colin Thompson.

## ORDER

STAFFORD, Chief Judge.

Before the court are defendant's motion to dismiss (document 12) and supplemental motion to dismiss (document 22). The government has responded in opposition to both motions (documents 20 & 27). Each of the parties has also responded to the court's question concerning the effect of 18 U.S.C. § 921(a)(20) on defendant's request for dismissal (documents 26 & 27).

Pursuant to Title 18, United States Code, Section 922(g)(1), defendant in this case has been charged with four counts of receiving firearms after allegedly having been convicted of a crime punishable by imprisonment for a term exceeding one year. As his alleged predicate "conviction," the defendant pleaded *nolo contendere* to a charge by the State of Florida of robbery and aggravated battery. Such offenses un-

der Florida law are punishable by a term of imprisonment of more than one year. As is permitted by Section 948.01 of the Florida Statutes, adjudication of guilt was withheld. Defendant was placed on probation and successfully completed probation. Importantly, under Florida law, defendant never lost his civil rights and so never had reason to seek to have those rights restored.

Defendant argues that the instant charges against him should be dismissed because he has not been "convicted" of a felony within the meaning of section 922(g)(1). The court agrees.

## DISCUSSION

Section 922(g)(1) of Title 18, United States Code, provides that it shall be unlawful for a person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" to receive any firearm which has been shipped or transported in interstate commerce. Section 921(a)(20), as amended in 1986, states that "what constitutes a conviction of [a crime punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held"—in this case the law of Florida. Indeed, in revising the statute in 1986, Congress made it quite clear that "state law should govern in these matters." S.Rep. No. 98–583, 98th Cong., 2d Sess. 7 (1984). Previously, courts had looked to federal law for the definition of the term "convicted." *G.R. Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983). As indicated by the legislative history of the revised act, the requirement that the term "conviction" be determined under state law was "intended to accommodate state reforms ... which permit dismissal of charges after a plea and successful completion of a probationary period." S.Rep. No. 98–583, 98th Cong., 2d Sess. 7 (1984).

Review of Florida law indicates that the terms "convicted" and "conviction" are defined differently depending on the context in which they are used. *Compare Smith*

*v. State*, 75 Fla. 468, 78 So. 530 (1918) (when a person is charged as a second offender, a previous conviction alleged as an element of the second offense must include an adjudication of guilt) *with State v. Gazda*, 257 So.2d 242 (Fla.1971) (for purposes of construing the statute relating to limitation on withheld sentences, the term "conviction" means determination of guilt by jury verdict or by guilty plea, and does not require adjudication by the court). Significantly, this court has been unable to find any Florida cases which discuss the precise meaning of the terms "convicted" and "conviction" in a context similar to the one at issue here—where a person has pleaded *nolo contendere* to a felony charge, has had adjudication withheld, has satisfactorily completed his probation, and is thereafter charged with a firearms violation. The Florida statute most analogous to section 922(g)(1), the one making it unlawful for a convicted felon to possess firearms, offers little help because it provides no definition for the terms "convicted" or "conviction." *See* Fla.Stat. § 790.23. Fortunately, one case, albeit one involving a very different factual situation, offers some insight into the meaning of the terms as used in section 790.23. *Burkett v. State*, 518 So.2d 1363 (Fla. 1st DCA 1988).

In *Burkett*, the defendant argued that he should not be considered a convicted felon until his case was affirmed on appeal. The issue arose when defendant was arrested for a firearms violation after he had been tried, convicted and sentenced on other felony charges but before his conviction was affirmed on appeal. While acknowledging that the terms "convicted" and "conviction" have been used in some contexts to represent the determination of guilt resulting either from a plea or trial, regardless of whether adjudication of guilt is withheld, the court held: "[A] defendant is "convicted," for purposes of [section 790.-23], when he is *adjudicated* guilty in the trial court, notwithstanding the fact that he has the right to contest the validity of the conviction by appeal or by other procedures." *Burkett*, 518 So.2d at 1366 (emphasis added).

While the decision in *Burkett* is one indication that Florida courts require an adjudication of guilt before a "conviction" can be used as an element of a subsequent offense, the Eleventh Circuit has held just the opposite. Specifically, for purposes of subsequent offenses under the federal gun control laws, the Eleventh Circuit has concluded since 1986—consistent with its decisions prior to 1986—that a person who pleads guilty to a felony offense is considered a "convicted" felon under Florida law, whether or not adjudication is withheld. *Compare United States v. Bruscantini*, 761 F.2d 640 (11th Cir.) (relying on federal law and holding that a *nolo* plea, adjudication withheld, qualifies as a "conviction" for purposes of a federal prosecution under section 922), *cert. denied*, 474 U.S. 904, 106 S.Ct. 271, 88 L.Ed.2d 233 (1985) *and United States v. Garcia*, 727 F.2d 1028 (11th Cir.1984) (same) *with United States v. Grinkiewicz*, 873 F.2d 253 (11th Cir.1989) (relying on state law and holding that a guilty plea, adjudication withheld, qualifies as a "conviction" for purposes of section 922(g)(1)) *and United States v. Orellanes*, 809 F.2d 1526 (11th Cir.1987) (same), *cert. denied*, 488 U.S. 817, 109 S.Ct. 55, 102 L.Ed.2d 33 (1988). In the recent cases, *Orellanes* and *Grinkiewicz*, the Eleventh Circuit relied upon language from a Florida Supreme Court opinion construing the statute relating to limitation on withheld sentences. *State v. Gazda*, 257 So.2d 242, 243–244 (Fla.1971). In that case, the supreme court declared that "for purposes of construing [the statute relating to limitation on withheld sentences], the term 'conviction' means determination of guilt by verdict of the jury or by plea of guilty, and does not require adjudication by the court." *Id.* at 243–244.

The Eleventh Circuit did not explain why the chosen definition, expressly limited by the Florida Supreme Court for use in a specific context, would necessarily apply in a different context. Indeed, the *Gazda* case involved a question quite different from the second offender question presented in *Orellanes* and *Grinkiewicz*. The question presented in *Gazda* was whether a sentence is valid when imposed more than five years from the date a guilty plea is accepted and adjudication withheld. The issue was controlled by section 775.14 of the Florida Statutes which provides as follows:

> Any person receiving a withheld sentence upon conviction for a criminal offense, and such withheld sentence has not been altered for a period of five years, shall not thereafter be sentenced for the conviction of the same crime for which sentence was originally withheld.

The issue arose when a defendant wrongfully absented himself from the court's jurisdiction during the period within which he could be sentenced. The defendant had pleaded guilty to a felony, and the court had withheld adjudication and sentencing, instead ordering that the defendant be temporarily delivered to a tuberculosis hospital for examination and care. Upon his release from the hospital, the defendant failed to return to the court for sentencing. He was not located and returned to the court's jurisdiction for sentencing until six years after his plea was accepted. In holding that the trial court's judgment and sentence were valid, the Florida Supreme Court concluded that: (1) the statute was applicable because defendant was indeed "convicted" for purposes of section 775.14; and (2) defendant's sentence was nonetheless appropriate because operation of section 775.14 was tolled during the time defendant's whereabouts were unknown.

While the Eleventh Circuit was apparently untroubled about relying on the Florida Supreme Court's language in *Gazda*, despite the shift in context, Florida courts have relied on the supreme court's language only once in almost twenty years. *Maxwell v. State*, 336 So.2d 658 (Fla. 2d DCA 1976). In that case, the court determined that a first offense, whether ending in a guilty plea, a *nolo* plea, or a jury verdict, is a "conviction" for purposes of punishing a second crime notwithstanding the fact that adjudication was previously withheld. Such decision is consistent with Florida's position that for sentencing purposes, a "conviction" means a "determination of guilt resulting from plea or trial,

regardless of whether adjudication was withheld or whether imposition of sentence was suspended." Fla.R.Crim.P. 3.701(d)(2); *see also McCrae v. State*, 395 So.2d 1145 (Fla.1980) (for capital sentencing purposes, a plea of guilty without an adjudication of guilt may be used as a "conviction").

Prior to *Gazda*, the Florida Supreme Court had been fairly consistent in holding that a "conviction" required an adjudication of guilt. For example, in *Smith v. State*, 75 Fla. 468, 78 So. 530 (1918), the state charged the defendant under a statute precluding the sale of intoxicating liquor in a dry county by a person having been convicted of the same offense before. The Florida Supreme Court construed the word "convicted" to be equivalent to "adjudicated" and reversed the judgment of guilt because the information had alleged only that the defendant had previously pleaded guilty to a like offense, not that he had been adjudicated guilty. In *Timmons v. State*, 97 Fla. 23, 119 So. 393 (1929), a defendant was charged, tried and convicted under an indictment which alleged a previous conviction for the same offense, possession of intoxicating liquors. Notably, defendant was never adjudged guilty of the first offense. As in *Smith*, the court concluded that when a prior conviction is alleged in an indictment, that conviction must include an adjudication of guilt by the court. In *Weathers v. State*, 56 So.2d 536 (Fla.), *cert. denied*, 344 U.S. 896, 73 S.Ct. 276, 97 L.Ed. 692 (1952), a defendant was charged with being an accessory to a crime under a statute which provided that "[w]hoever counsels, hires, or otherwise procures a felony to be committed, may be ... convicted as an accessory before the fact, either with the principal felon or after his conviction." Fla.Stat. § 776.02 (1949). Although the principal in that case had not been sentenced, he had been convicted and adjudged guilty. Rejecting defendant's argument that there was an inadequate foundation for the charges against him because the principal had not been sentenced, the court held that a "conviction of a principal, prerequisite to the conviction of an accessory, means adjudication of guilt irrespective of sentence." *Weathers*, 56 So.2d at 538.

More recently, Florida appellate courts have indicated that a "conviction" may require an adjudication of guilt, at least in certain contexts. For example, in holding that the Florida statute prohibiting deferment, suspension or withholding of adjudication or sentence did not prevent the court from ordering a presentence investigation before judgment or sentence was passed, the Fourth District Court of Appeal wrote (without mentioning *Gazda*):

> Withholding and suspension of adjudication and sentence means the court declines to convict (adjudicate guilty) the defendant or fine or imprison him until probation is tried. Withholding or suspending adjudication or sentence in a felony case can only be done when the defendant is put on probation. If the defendant successfully completes his probation he is not a convicted person but if the probation is violated the court may then adjudicate and sentence.

*Thomas v. State*, 356 So.2d 846 (Fla. 4th DCA 1978). In *Accredited Surety and Casualty Co. v. State*, 318 So.2d 554 (Fla. 1st DCA 1975), again without reference to *Gazda*, the First District Court of Appeal held that a "conviction," within the purview of the bail bond statute, requires an adjudication of guilt. The court elaborated as follows:

> The [Florida] Supreme Court and appellate courts have consistently held that a verdict or plea of guilty is not a conviction; that conviction requires a judgment of conviction—an adjudication of guilt....
>
> ....
>
> ... The obvious purpose of this is to give such a person an opportunity to become rehabilitated and to protect him against a blemished record of conviction in the process. If we were to rule that he was convicted when he was found guilty by verdict or pled guilty, the withholding of an adjudication of guilt in placing him on probation would be a meaningless gesture. Obviously, he is not convicted until the court makes an adjudication of guilt—a judgment of conviction.

318 So.2d at 555–556. *See also Delaney v. State,* 190 So.2d 578, 580 (Fla.1966) (stating that the purpose of withholding adjudication is to provide for the rehabilitation of a person who has committed a crime without "formally and judicially branding the individual as a convicted criminal with consequent loss of civil rights and other damning consequences"), *appeal dismissed,* 387 U.S. 426, 87 S.Ct. 1710, 18 L.Ed.2d 866 (1967); *Lopez v. State,* 509 So.2d 1334 (Fla. 3d DCA 1987) (stating that the intent of Florida's procedure for the withholding of adjudication is to permit worthy defendants to avoid the "onerous consequences of a conviction"). Finally, in *Burkett v. State,* 518 So.2d 1363 (Fla. 1st DCA 1988), a case discussed previously, the court held, once again without citing to *Gazda,* that adjudication was necessary before a defendant was considered "convicted" for purposes of section 790.23. 518 So.2d at 1366.

The court's concern about Eleventh Circuit interpretation of Florida law arises not only from its review of Florida cases. It also arises from—and is underscored by—what appears to be a common perception among persons involved in the Florida criminal justice system that a defendant, for whom adjudication is withheld, has not been "convicted" under Florida law. Probation officers of this court, having served as Florida probation officers before joining the federal system, have confirmed that defendants in Florida are routinely advised by practicing criminal defense lawyers, by state probation officers, by state prosecutors, and by judges, that when adjudication is withheld, they are not "convicted" and accordingly do not lose their civil rights. Defendants appearing before this court in the past have complained about the inconsistent treatments by two different arms of the government, both of which are supposed to be construing the term "convicted" in the same manner. *See, e.g., United States v. Pratt,* Case No. TCR 90–04049–WS (defendant charged under 18 U.S.C. § 922 after pleading guilty to a state charge for which adjudication was withheld); *United States v. Sammons,* Case No. TCR 85–07006–WS (defendant charged for receiving firearms which state officials had previously returned to him); *see also Bruscantini,* 761 F.2d at 641 (acknowledging that the Florida judge who placed defendant Bruscantini on probation after a plea of *nolo contendere,* adjudication withheld, told defendant that the disposition of his case did not constitute a conviction). Clearly, confusion exists, to the detriment of defendants who have no reason to know or understand that when members of the Florida criminal justice system tell them a "conviction" means one thing, the federal courts may disagree and tell them it means another.

Despite its concern, this court is bound by Eleventh Circuit precedent. As mentioned previously, the Eleventh Circuit—in *Orellanes* and *Grinkiewicz*—has held that a verdict or plea of guilty amounts to a "conviction" under Florida law. Thus, if a *nolo contendere* plea such as the one involved in this case is equivalent to a verdict or plea of guilty, then *Orellanes* and *Grinkiewicz* will govern and dictate that the defendant here has been previously "convicted."

United States Magistrate William C. Sherrill considered the comparability of *nolo* and guilty pleas when defendant Thompson argued before him that there was no probable cause to support the charges in the criminal complaint. Concluding that "a *nolo contendere* plea in Florida is the same as a guilty plea in the criminal case in which it is entered," the magistrate determined that, pursuant to Eleventh Circuit law, defendant was "convicted" when his *nolo* plea was accepted. *See* document 5, p. 6.

Review of Florida law leads this court to a different conclusion. The Florida Supreme Court said it best:

The plea of guilty is an absolute condition precedent before the lack of adjudication can be considered a conviction. Here, appellant pled nolo contendere to the aggravated assault charge and received no adjudication of guilt. It does not follow from *McCrae* [holding that a "conviction," used as an aggravating factor for the imposition of the death penalty, means a plea of guilty even

without an adjudication of guilt] that a plea of nolo contendere amounts to either a confession of guilt or a "conviction" for purposes of capital sentencing proceedings. A nolo plea means "no contest," not "I confess." It simply means that the defendant, for whatever reason, chooses not to contest the charge. He does not plead either guilty or not guilty, and it does not function as such a plea. *Garron v. State*, 528 So.2d 353, 360 (Fla. 1988). Such reasoning leads this court to conclude that, under Florida law, defendant's *nolo* plea is *not* the equivalent of a guilty plea. If not the equivalent of a guilty plea, defendant's plea—or the effect thereof—is not governed by *Grinkiewicz* and *Orellanes*. Indeed, independent review of Florida law, discussed above, has convinced this court that where, as here, a *nolo* plea is being used as an essential element of another offense, Florida law would not consider such plea to be a "conviction," at least not where the defendant has satisfactorily completed his probationary period.

Yet another reason for concluding that there has been no "conviction" upon which the government may base criminal charges in this case is contained in the federal statute itself. As amended in 1986, the federal firearms law provides in relevant part:

Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20). Thus federal law, while directing this court to define "conviction" in accordance with state law, itself provides that any "conviction" for which a person has had his civil rights fully restored shall not be considered a "conviction" for purposes of section 922(g)(1). If a "conviction" for which a person has had his civil rights fully restored shall not result in section 922 liability, then it follows that a "conviction" which never results in a loss of civil rights—if indeed such is defined as

a "conviction"—should also not expose a person to section 922 liability. To read the statute otherwise would lead to absurd results: while providing a mechanism by which a "convicted" person, having lost his civil rights, can remove the disability imposed by federal firearms laws, the statute would provide no comparable mechanism for a "convicted" person having never lost his civil rights and therefore having no reason to seek restoration of those rights.

In this case, both parties agree that defendant Thompson never lost his civil rights when he entered his plea of *nolo contendere* in state court. Several Florida Attorney General Opinions confirm that a *nolo* plea—or any kind of plea—does not result in loss of civil rights when adjudication is withheld. In 1943, for example, the Attorney General opined that "[a] plea of guilty or verdict of guilty is insufficient to deprive a person of his civil rights until a judgment of conviction is entered." 1943 Op.Atty.Gen.Fla. 043–343 (Dec. 20, 1943). In a similar vein, in 1949, the Attorney General opined that a defendant does not lose his civil rights when he is not adjudged guilty by the court, regardless of whether he is found guilty by a jury or pleads guilty. 1949 Op.Atty.Gen.Fla. 049–268 (April 8, 1949). In 1964, the Attorney General wrote: "If the court exercises its discretion under this statute to withhold the imposition of sentence and place the defendant on probation without adjudging him guilty, then, of course, he has not been 'convicted' and does not lose any of his civil rights even if the crime involved is a felony." 1964 Op.Atty.Gen.Fla. 064–163 (Nov. 6, 1964).

Because the court has found no authority which calls into question these old opinions concerning the loss of a defendant's civil rights, and because the parties agree that the defendant in this case did not lose his civil rights when he entered his *nolo* plea in state court, the court must conclude that, under section 921(a)(20), there has been no 'conviction' upon which the government may predicate the charges

filed against defendant Thompson in this case.

Accordingly, it is ORDERED:

1. Defendant's motions to dismiss (documents 12 & 22) are hereby GRANTED.

2. The indictment against defendant Colin Thompson is hereby DISMISSED.

3. The magistrate's order entered on November 14, 1990, is hereby VACATED.

DONE AND ORDERED.