**UNITED STATES of America**

v.

**Gary LESTER, Defendant.**

**No. 91–093–Cr–HIGHSMITH.**

United States District Court,
S.D. Florida.

Dec. 12, 1991.

Donald Chase, Asst. U.S. Atty., Miami, Fla., for plaintiff.

David H. Lichter, Kenny, Nachwalter & Seymour, Miami, Fla., for defendant.

1. Section 922 of that statute provides in relevant part:

(g) It shall be unlawful for any person—
(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

## ORDER

MARCUS, District Judge.

THIS CAUSE is before the Court on Defendant Gary Lester's Motion to Dismiss Count I of the Indictment. The issue before the court is whether a *nolo contendere* plea, with adjudication withheld, in a prior state court proceeding is a "conviction" for purposes of the Federal Firearms Statute, 18 U.S.C. § 921 *et seq.*[1] While we consider this a close and difficult question, we nonetheless conclude that, for the reasons which follow, and based on the particular record presented to this court, Defendant's Motion must be and is GRANTED.

On June 4, 1984, Gary Lester entered a plea of nolo contendere in the Circuit Court of the Eleventh Judicial Circuit to a charge of carrying a concealed weapon, a felony offense. Notably, adjudication of guilt was withheld, and the Defendant was sentenced to a probationary period of two (2) years. Under the terms of his probation, the Defendant was required to receive psychiatric treatment; he was also required to forfeit his gun. In addition, he was required to obtain the consent of his Probation Advisor before changing his residence or employment. On March 29, 1991, a federal grand jury charged the Defendant, by way of superseding indictment, with, among other things, possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Defendant moves to dismiss that charge, asserting that his prior nolo contendere plea is not a conviction under Section 922(g).

■ We observe at the outset that state law governs in determining what constitutes a conviction for these purposes. The Federal Firearms Statute provides in part:

*What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held.* Any

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
18 U.S.C. § 922(g)(1).

conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20) (emphasis added). Thus, Florida state law will determine the precise definition of the term "conviction." *United States v. Thompson*, 756 F.Supp. 1492, 1493 (N.D.Fla.1991). In *Thompson*, Chief United States District Judge Stafford construed Florida state law, and squarely confronted the precise issue before this Court. There, as here, the defendant pled nolo contendere to state charges, with adjudication withheld, and was later charged with violating Section 922(g). The district court held that, under Florida law, the nolo plea (with adjudication withheld) was not equivalent to a conviction for purposes of Section 922(g). 756 F.Supp. at 1497.

In ascertaining Florida law, the *Thompson* Court relied primarily on *Garron v. State*, 528 So.2d 353 (Fla.1988). In that case the Florida Supreme Court concluded that a prior nolo plea was *not* a "conviction" for purposes of capital sentencing proceedings, noting that:

> [i]t does not follow from *McCrae* [*v. State*, 395 So.2d 1145 (Fla.1980)] that a plea of nolo contendere amounts to either a confession of guilt or a "conviction" for purposes of capital sentencing proceedings. A nolo plea means "no contest," not "I confess." It simply means that the defendant, for whatever reason, chooses not to contest the charge. He does not plead either guilty or not guilty, and it does not function as such a plea. None of the factors which go toward evidencing a conviction are present in this case, therefore, the first aggravating factor must fail.

*Id.* at 360. The *Thompson* Court found *Garron* to be the best and most recent statement of Florida law on the issue, and thus extended *Garron* to the federal firearms context. *Thompson* also relied on *Burkett v. State*, 518 So.2d 1363, 1366 (Fla.

1st D.C.A.1988), as evidence that "Florida courts require an adjudication of guilt before a 'conviction' can be used as an element of a subsequent offense...." *Thompson*, 756 F.Supp. at 1493–94. The Defendant here urges the same construction of *Burkett. See* Def. Reply Memo. at 3.

Chief Judge Stafford also concluded in *Thompson* that the Federal Firearms Statute itself compelled the same result. The Court observed that 18 U.S.C. § 921(a)(20) "provides that any 'conviction' for which a person has had his civil rights restored shall not be considered a 'conviction' for purposes of section 922(g)(1)," and thus concluded that "a 'conviction' [based on a nolo plea, adjudication withheld] which *never* results in a loss of civil rights ... should also not expose a person to section 922 liability." *Thompson*, 756 F.Supp. at 1497 (emphasis added). In this regard, the Court further noted:

> Several Florida Attorney General Opinions confirm that a nolo plea—or any kind of plea—does not result in a loss of civil rights when adjudication is withheld. In 1943, for example, the Attorney General opined that "[a] plea of guilty or verdict of guilty is insufficient to deprive a person of his civil rights until a judgment of conviction is entered." 1943 Op. Atty.Gen.Fla. 043–343 (Dec. 20, 1943). In a similar vein, in 1949, the Attorney General opined that a defendant does not lose his civil rights when he is not adjudged guilty by the court, regardless of whether he is found guilty by a jury or pleads guilty. 1949 Op.Atty.Gen.Fla. 049–268 (April 8, 1949). In 1964, the Attorney General wrote: "If the court exercises its discretion under this statute to withhold the imposition of sentence and place the defendant on probation without adjudging him guilty, then, of course, he has not been 'convicted' and does not lose any of his civil rights even if the crime involved is a felony." 1964 Op.Atty.Gen.Fla. 064–163 (Nov. 6, 1964).

756 F.Supp. at 1497. Finally, in concluding that the defendant there had not lost his civil rights, and was therefore not suscepti-

ble to exposure to Section 922 liability, the Court observed that

> [there] appears to be a common perception among persons involved in the Florida criminal justice system that a defendant, for whom adjudication is withheld, has not been "convicted" under Florida law. Probation officers of this court, having served as Florida probation officers before joining the federal system, have confirmed that defendants in Florida are routinely advised by practicing criminal defense lawyers, by state probation officers, by state prosecutors, and by judges, that when adjudication is withheld, they are not "convicted" and accordingly do not lose their civil rights.

756 F.Supp. at 1496. Since we find the language in *Garron*, the most recent Florida Supreme Court pronouncement on this issue, to be sufficiently broad and unequivocal to fairly extend to the federal firearms context, and since we agree with the *Thompson* Court's conclusion, we follow *Thompson* in concluding that, under Florida state law, a nolo plea with a withhold of adjudication is not a conviction for purposes of Section 922(g)(1).

In our analysis of Florida law, we noted that Florida state courts have made statements seemingly contrary to *Garron*, the principal Florida case relied upon by *Thompson*.[2] In order to clarify the apparent ambiguity in Florida law, and to supplement the record, we directed the parties, by Order dated October 28, 1991, to file supplemental briefs on the issue of "whether the Defendant, upon successful completion of probation, was entitled to possess, carry, or own a firearm without obtaining permission from the State of Florida or without formally applying for restoration of his civil rights, or whether such procedures were in fact required." *See* Order, Oct. 28, 1991. Subsequently, on November 13, 1991, we again referred this cause to United States Magistrate Judge Linnea Johnson "for the limited purpose of conducting a hearing and preparing a Report and Recommendation" regarding this precise issue. *See* Order, Nov. 13, 1991. The parties submitted affidavits bearing on this issue, and most notably, *"the parties specifically agree[d] that no further evidentiary hearing in light of the affidavits [would be] required."* *See* Rep. & Rec., Nov. 27, 1991, at 2 (emphasis added).

The Defendant thereafter submitted the notarized affidavit of Dorothy A. Adair, a correctional probation officer with the State of Florida Department of Corrections since 1983, in which Ms. Adair averred that

> people who had their adjudication withheld and who were placed on probation in Dade County were allowed and were told they were allowed to possess firearms after their probation ended.... As long as I have been a correctional probation officer, defendants in Dade County have routinely been advised by the state correctional probation officers that when adjudication is withheld, they are not "convicted felons" under state law.

2. *See, e.g., Maselli v. State,* 446 So.2d 1079, 1081 (Fla.1984) ("[A] conviction entered upon a plea of nolo contendere by a probationer is a sufficient lawful basis for revocation of probation. Such a conviction is a sufficient ground for revocation because the court, before rendering judgment of conviction on a plea of nolo contendere, must hold a hearing and be satisfied that the plea is voluntary and that a factual basis exists for accepting it."); *Chesebrough v. State,* 255 So.2d 675, 676 (Fla.1971) (a nolo plea "has the same effect as a plea of guilty, so far as regards the proceeding on the information, and a defendant who has been sentenced to imprisonment upon such a plea is *convicted* of the offense charged.") (emphasis added), *cert. denied,* 406 U.S. 976, 92 S.Ct. 2427, 32 L.Ed.2d 676 (1972); *Stewart v. State,* 586 So.2d 449, 450–51 (Fla. 1st D.C.A.1991) (nolo plea supports probation revocation, and "has all the effect of a plea of guilty for the purposes of the case...."); *Rock v. State,* 584 So.2d 1110, 1112 (Fla. 1st D.C.A.1991) ("a conviction based upon a probationer's plea of nolo or guilty is a lawful basis for revocation of probation"); *Maxwell v. State,* 336 So.2d 658, 660 (Fla.2d D.C.A.1976) (prior nolo plea (adjudication withheld) deemed a judgment of conviction as a "first offense" for purposes of subsequent punishments); *Smith v. State,* 184 So.2d 458, 460 (Fla.2d D.C.A.1966) ("[A] plea of nolo contendere is construed, for all practical purposes in the case in which it is given, as a plea of guilty."), *cert. dismissed,* 198 So.2d 827 (Fla.1967). *See also* 15 Fla.Jur.2d § 699 ("A plea of nolo contendere is construed for all practical purposes as a plea of guilty....").

Aff. of D. Adair, at 1–2. In addition, the Defendant submitted his own Declaration, in which he averred that he "was lead to believe that [he] was not 'convicted' as a result of [his] plea of *nolo contendere* and the subsequent withhold of adjudication." Decl. of G. Lester. The Government had previously filed, on August 27, 1991, a certificate purportedly "evidencing the non-restoration of the defendant's civil rights," *see* Govt.Supp. Ex. at 3 (notarized statement of Janet H. Keels, Coordinator of the Office of Executive Clemency of the State of Florida). Pursuant to the Order of October 28, the Government then submitted a memorandum citing to the Rules of Executive Clemency of Florida, which provide, in relevant part:

5. Clemency

At the discretion of the Governor, if a case merits consideration of Executive Clemency for any reason, the Governor with the approval of three Cabinet members may bestow the following acts of grace:

E. SPECIFIC AUTHORITY TO OWN, POSSESS OR USE FIREARMS

Specific Authority to Own, Possess or Use Firearms restores to the applicant the right to own, possess or use firearms after the applicant's civil rights ... have been restored, or when adjudication of guilt has been withheld on a felony charge and probation satisfactorily completed, but only when a verifiable need exists.... [A] person who has been *convicted* of a felony and has been granted restoration of civil rights with specific authority to own, possess or use a firearm ... must apply to the Assistant Director, Criminal Enforcement, Bureau of Alcohol, Tobacco and Firearms ... in order to meet federal requirements.

6. Restoration of Civil and Residence Rights

A. When a person has been *convicted* in a Florida State court and has completed service of all sentences imposed or has terminated from ... probation ..., his civil rights may be reinstated.... The rights restored under this provision shall exclude the specific authority to own, possess or use a firearm.

Rules of Executive Clemency of Florida, Rules 5.E and 6.A (emphasis added).

Armed with these submissions and the facts adduced therein, Magistrate Johnson, based primarily on the uncontroverted averments of both the Defendant and the probation officer, rendered, *inter alia*, the following supplemental findings of fact:

(2) Prior to the amendment of the Gun Control Act in 1986, probationers on State probation in Dade County were told that they were allowed to possess firearms after their probation ended.

(3) Probationers, as described above, were also told that when an adjudication was "withheld," they are not convicted felons.

(5) The record evidence supports [a] finding that defendant, Gary Lester, did not lose his civil rights under State law. Accordingly, the procedures required in the Rules of Executive Clemency of Florida were not required to be followed.

(6) Gary Lester himself avers that he was never told he could not own or possess a firearm following termination of his probation. Likewise, he believed he was not a convicted felon.

Rep. & Rec., at 3. Thus, Magistrate Johnson concluded that, since Gary Lester never in fact lost his civil rights following his nolo plea, he was not required to apply for restoration of those rights before possessing, carrying, or owning a firearm. The Government, in specifically opting to forego a hearing and instead relying solely on the materials submitted pursuant to the October 28 Order, has failed to adduce any evidence demonstrating that Defendant did in fact lose his civil rights. We therefore agree with and adopt Magistrate Johnson's findings on the precise issue referred. Specifically, we agree with the Magistrate's finding that, on the record before this court, Gary Lester never lost his civil rights as a result of his nolo plea with adjudication withheld and subsequent sentence to a period of probation, and we find support for this conclusion under Florida case law. *See Bernhardt v. State*, 288 So.2d 490, 495 (Fla.1974) ("The purpose of

the granting of probation ... is rehabilitation of one who has committed the crime charged without formally and judicially branding the individual as a convicted criminal and *without consequent loss of civil rights* and other damning consequences.") (emphasis added).[3]

Furthermore, a recent Florida appellate court decision bears strongly on the issues presented here. In *Castillo v. State*, 590 So.2d 458, 461 (Fla.3d D.C.A.1991), the defendant had been charged with, and convicted of, *inter alia*, the unlawful possession of a firearm by a "convicted" felon, under the Florida firearms statute, Fla. Stat. § 790.23. In reversing the defendant's conviction under Section 790.23(1), the Third District Court of Appeal ruled:

> Section 790.23 makes it "unlawful for any person who has been *convicted* of a felony ... to ... have in his ... possession ... any firearm...." *Id.* at § 790.-23(1) (emphasis added). While the defendant in this case had a prior criminal record, the prior proceedings had resulted in the withholding of adjudication. *For purposes of this statute, we construe "conviction" to mean an adjudication of guilt. See Ferguson v. State,* 379 So.2d 163, 164 (Fla. 3d DCA 1980); *accord Burkett v. State,* 518 So.2d 1363, 1366 (Fla. 1st DCA 1988); *see also Weathers v. State,* 56 So.2d 536, 538 (Fla.), *cert. denied,* 344 U.S. 896, 73 S.Ct. 276, 97 L.Ed. 692 (1952); *Smith v. State,* 75 Fla. 468, 78 So. 530 (1918); 14 Fla.Jur. 2d, Criminal Law § 3 (1979). *Where adjudication has been withheld, the offender is not a convicted felon.*

*Castillo,* at 461 (emphasis added). The *Castillo* decision is the most recent pronouncement on this issue by an intermediate appellate court that we can find. In the instant case, Defendant Gary Lester had his adjudication withheld in the predicate offense; given the holding in *Castillo,* we cannot conclude that under Florida law the Defendant was in fact previously "convicted." We thus agree with the result and conclusion reached in *Thompson.*

On this record, and based on our review of the law of Florida, which we are bound to apply by Congressional mandate, Defendant's Motion to Dismiss must be granted. We reach this conclusion based on the sweeping language employed most recently by the Florida Supreme Court in *Garron,* the clear pronouncement in *Castillo,* the teachings of *Thompson,* and the record presented to this court. It is therefore

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Count I of the Indictment is GRANTED.

DONE AND ORDERED.

---

**3.** The Government's citation to the certificate purportedly "evidencing the non-restoration of the defendant's civil rights," *see supra* p. 979, does nothing to undermine this conclusion, since we find that, on this record, there is no proof that the Defendant ever lost rights which could later be restored. Similarly, the Government's citation to the Rules of Executive Clemency of Florida, Rules 5.E and 6.A, *supra* p. 979, is also misplaced. In first requiring that a person be convicted before their respective provisions apply, these Rules beg the question, since whether the Defendant has in fact been convicted in the first place is the precise issue before the court.