United States Court of Appeals,

Eleventh Circuit.

No. 95-6695.

UNITED STATES of America, Plaintiff-Appellee,

v.

Thomas Richard WILLIS, Defendant-Appellant.

Feb. 28, 1997.

Appeal from the United States District Court for the Southern District of Alabama. (No. 1:95-CR-61-001), Richard W. Vollmer, Jr., District Judge.

Before TJOFLAT and DUBINA, Circuit Judges, and STAGG[*], Senior District Judge.

STAGG, Senior District Judge:

In this action we address the issue of whether a defendant who pleaded *nolo contendere* in a Florida state court to charges of carrying a concealed firearm and grand theft of a firearm, but whose adjudication of guilt was withheld, is "convicted" of a felony within the meaning of a federal firearm statute. [1] We disagree with the district court's holding that such a plea constitutes a "conviction" within the meaning of the statute and, therefore, reverse.

*I. FACTS AND PROCEDURAL HISTORY*

This case presents a question of law which is subject to *de novo* review in this court. *United States v. Terry,* 60 F.3d 1541, 1543 (11th Cir.1995). In March 1995, Thomas Richard Willis

---

[*]Honorable Tom Stagg, Senior U.S. District Judge for the Western District of Louisiana, sitting by designation.

[1]18 U.S.C. § 922(g)(1) prohibits the possession of a firearm by one who has been convicted of a crime punishable by imprisonment for a term exceeding one year.

("Willis") was indicted in the United States District Court for the Southern District of Alabama, Southern Division, for bank robbery[2] ("count one") and possession of a firearm by a convicted felon ("count two"). As his alleged predicate offense, Willis pleaded *nolo contendere* on April 3, 1989, to felony charges brought against him by the State of Florida in the Circuit Court of Escambia County, Florida, for carrying a concealed firearm and grand theft of a firearm. Following Willis's plea, the state court withheld adjudication of guilt and ordered the defendant to complete one year of probation, pay court costs, and perform 50 hours of community service.

On April 5, 1995, Willis pleaded not guilty to counts one and two of the instant indictment. Subsequently, on April 11, 1995, Willis filed a motion to dismiss count two of the indictment on the grounds that having entered a *nolo contendere* plea as to the alleged, predicate offenses, he had not been "convicted" of a prior felony as required by 18 U.S.C. § 922(g)(1). This motion was denied by the district court in an order dated April 19, 1995. On Willis's motion for reconsideration, the court again denied his motion to dismiss count two in an order dated May 11, 1995. Thereafter, Willis entered a plea of guilty as to count one and a conditional plea of guilty as to count two pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure.[3] On August

_____

[2] 18 U.S.C. § 2113(a).

[3] Rule 11(a)(2) states:

> With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or *nolo contendere,* reserving in writing the

10, 1995, Willis was sentenced to 33 months imprisonment on each count to run concurrently, placed on supervised release for a term of three years on each count to run concurrently, and ordered to pay a special assessment of $50.00 for each count and restitution in the amount of $4,360.00 to the bank. A notice of appeal was timely filed. At issue is the validity of the district court's denial of Willis's motion to dismiss count two of the indictment.

## II. DISCUSSION

Willis contends that count two—possession of a firearm by a convicted felon—should be dismissed because he pleaded *nolo contendere* to the alleged predicate offenses and that such a plea does not amount to a prior "conviction" within the meaning of 18 U.S.C. § 922(g)(1). This section provides that it shall be unlawful for any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 921(a)(20), added in 1986 as part of the Firearms Owners Protection Act, Pub.L. No. 99-308, 100 Stat. 449, provides in pertinent part: "What constitutes a conviction of [a crime punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law

---

right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

of the jurisdiction in which the proceedings were held."[4]  Thus, in this case, Florida law is determinative, and the narrow issue before the court is whether Willis has been "convicted of a crime punishable by imprisonment for a term exceeding one year" under Florida law.

Although the issue of whether a *nolo contendere* plea without an adjudication of guilt is a conviction within the meaning of Florida law is one of first impression in this court, this issue has been addressed by the United States District Court for the Northern District of Florida in *United States v. Thompson,* 756 F.Supp. 1492 (N.D.Fla.1991).  In *United States v. Thompson,* 756 F.Supp. 1492 (N.D.Fla.1991).  In *Thompson,* the defendant was charged under section 922(g)(1) with four counts of receiving firearms after having been convicted of a felony.  The defendant's prior, alleged "convictions" were *nolo contendere* pleas to charges brought against him by the State of Florida for robbery and aggravated battery.  On the defendant's motion, the court dismissed the four section 922(g)(1) counts, finding that the defendant had not been "convicted" of a prior felony within the meaning of section 922(g)(1).  The court explained that since section 921(a)(20) had been added by Congress in 1986, the law of the state in which the proceeding was held determines whether a prior conviction is a "conviction" within the meaning of section

---

[4]Congress added this section in 1986 with the express intent that "state law should govern in these matters."  S.Rep. No. 98-583, 98th Cong., 2d Sess. 7 (1984).  Prior to the 1986 amendments to section 922, the courts looked exclusively to federal law to define "convicted" for the purposes of 18 U.S.C. § 922(g)(1). *See Dickerson v. New Banner Institute, Inc.,* 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983).

922(g)(1). After an exhaustive review of Florida jurisprudence on the issue, the court concluded: "[W]here, as here, a *nolo* plea is being used as an essential element of another offense, Florida law would not consider such plea to be a "conviction'." *Id.* at 1497. *Thompson* has since been followed in *United States v. Gispert,* 864 F.Supp. 1193 (S.D.Fla.1994); *United States v. Lester,* 785 F.Supp. 976 (S.D.Fla.1991); and *Snyder v. State of Florida,* 650 So.2d 1024 (Fla.2d Dist.Ct.App.1995), *affirmed,* 673 So.2d 9 (Fla.1996). *See also Castillo v. State of Florida,* 590 So.2d 458, 461 (Fla.3d Dist.Ct.App.1991) (holding "conviction" within the meaning of the Florida felon in possession of a firearm law (section 790.23, Florida Statutes (1989)) requires an adjudication of guilt).

The court in *Thompson* discussed *United States v. Grinkiewicz,* 873 F.2d 253 (11th Cir.1989), and *United States v. Orellanes,* 809 F.2d 1526 (11th Cir.1987), *cert. denied,* 488 U.S. 817, 109 S.Ct. 55, 102 L.Ed.2d 33 (1988)—the cases relied upon by the government in this appeal—but found these cases inapposite. In *Grinkiewicz* and *Orellanes,* the issue was whether a plea of *guilty* followed by a withholding of adjudication constituted a conviction under Florida law for the purposes of 18 U.S.C. § 922(h)(1).[5] Relying on

---

[5]This section provides:

> It shall be unlawful for any individual, who to that individual's knowledge and while being employed for any person described in any paragraph of subsection (g) of this section, in the course of such employment—
>
> (1) to receive, possess, or transport any firearm or ammunition in or affecting interstate or foreign commerce; or
>
> (2) to receive any firearm or ammunition which has been shipped or transported in interstate or

*State v. Gazda,* 257 So.2d 242 (Fla.1971), the *Orellanes* court held "the term "conviction' means determination of guilt by verdict of the jury *or by plea of guilty,* and does not require adjudication by the court." *Orellanes,* 809 F.2d at 1528 (quoting *Gazda,* 257 So.2d at 243-44) (internal quotations omitted) (emphasis added). The court in *Grinkiewicz* stated that it was bound by the explicit holding in *Orellanes. Grinkiewicz,* 873 F.2d at 254. The *Thompson* court found *Orellanes* and *Grinkiewicz* not to be controlling based on its conclusion that "under Florida law, defendant's *nolo* plea is *not* the equivalent of a guilty plea." *United States v. Thompson,* 756 F.Supp. 1492, 1497 (N.D.Fla.1991) (emphasis added). In reaching this conclusion, the court relied on the following language from *Garron v. State,* 528 So.2d 353 (Fla.1988):

> The plea of guilty is an absolute condition precedent before the lack of adjudication can be considered a conviction. Here, appellant plead *nolo contendere* to the aggravated assault charge and received no adjudication of guilt. It does not follow from *McCrae* [*v. State,* 395 So.2d 1145 (Fla.1980), *cert. denied,* 454 U.S. 1041, 102 S.Ct. 583, 70 L.Ed.2d 486 (1981) (holding that a "conviction" used as an aggravating factor for the imposition of the death penalty means a plea of guilty even without an adjudication of guilt) ] that a plea of *nolo contendere* amounts to either a confession of guilt or a "conviction" for purposes of capital sentencing proceedings. A *nolo* plea means "no contest," not "I confess." It simply means that the defendant, for whatever reason, chooses not to contest the charge. He does not plead either guilty or not guilty, and it does not function as such a plea.

*Thompson,* 756 F.Supp. at 1496-97 (quoting *Garron,* 528 So.2d at 360). Although *Garron* addressed the issue of whether a *nolo contendere* plea by the defendant to an earlier charge was an aggravating circumstance for the purposes of imposing the death penalty in a first-degree murder case, its discussion of the effect

foreign commerce.

of the *nolo contendere* plea under Florida law is clearly applicable to the case at hand. According to *Thompson* and *Garron,* as well as *Gazda,* a conviction under Florida law requires either an adjudication of guilt or a guilty plea. Moreover, a *nolo contendere* plea is "not the equivalent of a guilty plea." *Thompson,* 756 F.Supp. at 1497.

We find Chief Judge Stafford's exhaustive review of Florida law on this issue in *Thompson* to be persuasive. Willis pleaded *nolo contendere* to the felony charges underlying count two of the present indictment, and adjudication of guilt was withheld. According to the cases discussed above, Willis has not been "convicted" of a felony under Florida law. Therefore, we hold that section 922(g)(1) is inapplicable and that the district court erred in denying Willis's motion to dismiss count two of the indictment.

Despite the recent pronouncement by the Florida Supreme Court in *Garron* and the Northern District of Florida's *Thompson* opinion, the government asserts that the district court was correct in finding that Willis had been convicted of a felony within the meaning of section 922(g)(1). The government bases its contention on *United States v. Jones,* 910 F.2d 760 (11th Cir.1990), and *Maxwell v. State,* 336 So.2d 658 (Fla. 2d Dist.Ct.App.1976).[6]

---

[6]In addition, the government cites in its brief *United States v. Bruscantini,* 761 F.2d 640 (11th Cir.), *cert. denied,* 474 U.S. 904, 106 S.Ct. 271, 88 L.Ed.2d 233 (1985), and *United States v. Garcia,* 727 F.2d 1028 (11th Cir.1984), in which, relying on *Dickerson v. New Banner Institute, Inc.,* 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983), we held a plea of *nolo contendere* that results in a withheld adjudication is a "conviction" for purposes of 18 U.S.C. § 922(g)(1). However, in these cases we looked to federal law. The 1986 amendments to the federal firearm statutes effectively overruled these cases, making "the law of the jurisdiction in which the proceedings were

In *Jones,* the issue before this court was whether "a prior state court case wherein the defendant enters a *nolo contendere* plea and adjudication is withheld can be used as a "conviction' to make the defendant eligible for career offender status *under section 4B1.1 of the Sentencing Guidelines.*"[7] *Jones,* 910 F.2d at 761 (emphasis added). The court held that the defendant's prior offense was a conviction for the purposes of Section 4B1.1. However, *Jones* is not controlling in the case *sub judice* for the reasons stated in *United States v. Mejias,* 47 F.3d 401 (11th Cir.1995), a subsequent Eleventh Circuit opinion. In *Mejias* the issue was whether a plea of *nolo contendere* to a felony in Florida state court, where adjudication was withheld, constitutes a "prior conviction" for purposes of a sentencing enhancement *under 21 U.S.C. § 841(b)(1)(B).*[8] This court answered affirmatively, stating that "[t]he meaning of the word "conviction' in a federal statute is a question of federal law unless Congress provides otherwise" and that "there is nothing in [18 U.S.C. §] 921(a)(20) to suggest

held," *i.e.,* state law, controlling. *See* 18 U.S.C. § 921(a)(20).

[7]U.S.S.G. § 4B1.1, entitled "Career Offender," provides in part:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense.

[8]Section 841(b)(1)(B) provides enhanced penalties for any defendant convicted of manufacturing, distributing, or dispensing certain quantities of certain controlled dangerous substances who "commits such a violation after a prior conviction for a felony drug offense has become final."

that Congress intended that the definition of a conviction should depend upon state law, rather than federal law." *Id.* at 403. Similarly, the statute at issue in *Jones,* section 4B1.1 of the Sentencing Guidelines, does not indicate that state law should govern its application. Therefore, in*Jones,* as in *Mejias,* federal law, not state law, was controlling.

In contrast to the governing statutes in *Jones* and *Mejias,* section 922, which is at issue in the present case, provides explicitly "[w]hat constitutes a conviction [for the purposes of this section] *shall be determined in accordance with the law of the jurisdiction in which the proceedings were held.*" 18 U.S.C. § 922(a)(2) (emphasis added). *Jones* and *Mejias,* by their own terms, applied federal law and, therefore, have no bearing on the issue before us: whether a *nolo contendere* plea is a "conviction" *under Florida law.*

Finally, the government submits that *Maxwell v. State,* 336 So.2d 658 (Fla. 2d Dist.Ct.App.1976), a 1976 opinion from the Florida Second District Court of Appeals supports its contention that a *nolo contendere* plea is a conviction under Florida law. Even if this is presumed to be correct, *Maxwell* has been overruled by the subsequent, more explicit decision by the Florida Supreme Court in *Garron v. State,* 528 So.2d 353 (Fla.1988).

### III. CONCLUSION

Willis was charged with a violation of 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon. As his alleged, predicate "conviction," Willis pleaded *nolo contendere* to charges brought against him by the State of Florida for carrying a

concealed firearm and grand theft of a firearm. 18 U.S.C. § 922(a)(20) states that "conviction" within the meaning of Section 922(g)(1) is to be determined in accordance with the law of the jurisdiction in which the proceeding was held. Florida law provides that a conviction requires either an adjudication of guilt by verdict of the jury or a plea of guilty. *Garron v. State,* 528 So.2d 353, 360 (Fla.1988); *State v. Gazda,* 257 So.2d 242, 243-44 (Fla.1971); *See also United States v. Thompson,* 756 F.Supp. 1492 (N.D.Fla.1991). A *nolo contendere* plea, however, does not amount to confession of guilt. *Gazda,* 257 So.2d at 243-44; *Thompson,* 756 F.Supp. at 1496. Thus, a *nolo contendere* plea is not a conviction under Florida law. Because Willis had not been "convicted" of a felony under Florida law, section 922(g)(1) is inapplicable, and the district court erred by refusing to dismiss count two of Willis's indictment.

The order of the district court is REVERSED, Willis's conviction under 18 U.S.C. § 922(g)(1) is VACATED, and this case is REMANDED for resentencing in accordance with this opinion.