[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10802
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cr-00203-WTM-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL NEWELL METTS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 11, 2014)

Before WILSON, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Daniel Metts appeals his conviction for possessing six firearms in his vehicle after he had been convicted of a felony. 18 U.S.C. § 922(g)(1). The six firearms were described in Metts's indictment. Metts challenges the denial of his request for a special jury verdict to identify the particular firearms that he possessed. The district court ruled that there was not "a requirement that that charge be given in this case." We affirm.

The district court did not abuse its discretion when it refused to instruct the jury to identify which of the six firearms Metts had in his vehicle. To convict Metts for violating section 922(g), the jury had to find that Metts was a convicted felon who was knowingly in possession of a firearm and that the firearm affected or traveled in interstate commerce. *See United States v. Wright*, 392 F.3d 1269, 1273 (11th Cir. 2004). Officers discovered six firearms wrapped inside a sleeping bag lying in the cargo compartment of Metts's Isuzu vehicle. Metts's "simultaneous possession of several weapons constitute[d] only one offense under Section 922(g)." *United States v. Grinkiewicz*, 873 F.2d 253, 255 (11th Cir. 1989); *see also United States v. Bonavia*, 927 F.2d 565, 568–69 (11th Cir. 1991). A special verdict was unnecessary when the jury had to agree that Metts possessed any one of the six firearms.

Metts argues, for the first time, that the jury needed to identify the specific firearms to substantiate its finding that he had constructively possessed the

2

firearms, but we disagree.  The firearms were discovered together, which eliminated the possibility that Metts possessed only some of the six firearms.  And Metts did not submit any evidence to suggest that someone else exercised authority over his vehicle.  *See Wright*, 392 F.3d at 1273.  Officers found the firearms inside an Isuzu vehicle that Metts gave the officers permission to search, and a clerk in the Bryan County licensing office testified that Metts owned the Isuzu vehicle.  Metts testified that he had "never seen the guns," but he did not testify that anyone else used his vehicle.  Metts suggests that he did not exercise exclusive authority over the vehicle based on testimony that there were "other persons on the scene," but that testimony does not support Metts's argument.  An officer testified on cross-examination that "some people approached" Metts's property during the search and that those people were asked "to step away until [the officers] were done conducting [their] business."  The officer's testimony does not suggest that other people exercised control over Metts's vehicle.

We **AFFIRM** Metts's conviction.