931 F.2d 893
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jefferson BURGESS, Defendant-Appellant.
 No. 89-2391.
 United States Court of Appeals, Sixth Circuit.
 April 29, 1991.
 
 Before KEITH and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant Jefferson Burgess ("Burgess") appeals from the district court's November 30, 1989, pretrial order denying his motion to dismiss the indictment. For the reasons stated below, we AFFIRM.
 
 I.
 
 2
 Special agents of the Drug Enforcement Administration ("DEA") arrested Burgess on September 25, 1987, in connection with an undercover investigation which resulted in the seizure of 10 kilograms of cocaine exchanged for $220,000.
 
 
 3
 After a detention hearing held on September 28, 1987, a magistrate ordered Burgess detained without bond based on the danger he presented to the community. Defendant failed to rebut the presumption of dangerousness contained in 18 U.S.C. Sec. 3142(e) (The Controlled Substance Act prescribes a maximum term of imprisonment of ten years or more for the offenses alleged, thus giving rise to a rebuttable presumption that no condition or combination of conditions would reasonably assure the appearance of the person as required and the safety of the community). On September 29, 1987, a district judge conducted a de novo review of the magistrate's order and upheld it. Burgess did not appeal the district court's ruling.
 
 
 4
 On October 5, 1987, a federal grand jury charged Burgess in a three-count indictment with the following offenses: conspiracy to possess with intent to distribute and distribute cocaine, in violation of 21 U.S.C. Secs. 846, 841(a)(1); distribution of cocaine and aiding and abetting the distribution of more than 5,000 grams of cocaine, in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2; and unlawful use of a communication facility, in violation of 21 U.S.C. Sec. 843(b).
 
 
 5
 On December 2, 1987, Burgess entered a Rule 11 plea agreement with the government. Pursuant to the agreement, Burgess entered a plea of guilty to count one of the indictment. On February 1, 1988, the government filed a motion to set aside the Rule 11 plea agreement. On April 19, 1988, the motion to withdraw the plea agreement was granted.
 
 
 6
 On June 7, 1988, the first trial began. On June 28, 1988, the district court declared a mistrial because of juror taint which occurred when members of the jury read newspaper articles about the case. The district court found that the jurors' reading of an article in the Detroit News relating to Burgess' withdrawn guilty plea was prejudicial.
 
 
 7
 On July 13, 1988, Burgess filed a motion to review the detention order. Burgess argued that due process required his release on bond because of the posture of the case at that time and the conditions of the Wayne County jail where he was being detained. In connection with his motion for bond, Burgess submitted a list of his investments to the court. In its August 5, 1988, memorandum opinion, the district court granted Burgess' request for bond; and on August 18, 1988, the district court set the bond at $100,000.[1]
 
 
 8
 On August 15, 1988, defendant indicated that he suffered various physical problems which prevented him from attending the remainder of his trial and properly assisting in his defense. The government filed a motion, on August 16, 1988, for a competency evaluation. On September 13, 1988, after a one-week evaluation at the Federal Correctional Institution in Milan, Michigan, the district court entered an order finding Burgess mentally incompetent to continue with the trial. The district court committed Burgess to the custody of the Attorney General for evaluation and treatment pursuant to 18 U.S.C. Sec. 4241 et seq. Burgess was treated for four months at the Federal Medical Center in Rochester, Minnesota.
 
 
 9
 On January 17, 1989, the warden of the Federal Medical Center filed a certificate of recovery and requested that Burgess be discharged from psychiatric hospitalization. Dr. Daniel Foster, chief of psychology at the medical center, testified at Burgess' competency hearing held on March 23, 1989. Dr. Foster opined that Burgess was malingering based on his inconsistent symptoms and behavior throughout the evaluation.
 
 
 10
 On March 17, 1989, the district court conducted a voir dire of the jurors out of Burgess' presence. The jurors indicated that they could proceed with the case despite the delay and their inability to recollect certain witnesses. The trial was scheduled to continue on June 26, 1989.
 
 
 11
 In the interim, Burgess filed a motion for reduction of bond on April 24, 1989. On June 9, 1989, this motion was denied.
 
 
 12
 On June 16, 1989, Burgess filed a motion for a mistrial. The district court granted Burgess' motion on the same day based on the lapse of time since jurors last heard testimony.
 
 
 13
 On June 21, 1989, Burgess filed a motion to dismiss the indictment. On August 25, 1989, Burgess also filed a motion for reconsideration of bond. The district court denied the motion for reconsideration of bond on September 26, 1989, and denied the motion to dismiss the indictment on November 30, 1989. Burgess filed a timely notice of appeal from the September 26, 1989, order on October 5, 1989, which was docketed as case number 89-2168. In a January 9, 1990, order, this Court affirmed the district court's order denying Burgess' motion for reconsideration of bond. See United States v. Burgess, No. 89-2168, (6th Cir. Jan. 9, 1990) (order). On December 8, 1989, Burgess filed a timely notice of appeal from the November 30, 1989 order which was docketed as case number 89-2193.
 
 II.
 
 14
 In the instant appeal, Burgess contends that the district court erred in denying his motion to dismiss the indictment. Burgess claims that his prosecution after two mistrials violated the double jeopardy clause of the fifth amendment. We find Burgess' double jeopardy claim meritless. We, therefore conclude that the district court properly denied Burgess' motion to dismiss the indictment.
 
 A.
 
 15
 Our jurisdiction over Burgess' interlocutory appeal from the district court's denial of his motion to dismiss the indictment based on an alleged violation of the fifth amendment's double jeopardy clause arises from 28 U.S.C. Sec. 1291. See Abney v. United States, 431 U.S. 651, 662 (1977) ("[P]retrial orders rejecting claims of former jeopardy ... constitute 'final decisions' and thus satisfy the jurisdictional prerequisites of Sec. 1291.").
 
 
 16
 Burgess also contends that his indictment should be dismissed for reasons other than the double jeopardy claim: (1) violation of the Speedy Trial Act, 18 U.S.C. Sec. 3161 and (2) violation of Burgess' rights to due process and equal protection. The district court determined that these claims were without merit. Claims brought in addition to the double jeopardy claim which are rejected by the district court in deciding the motion to dismiss are appealable only if they fall within the collateral order exception to the final judgment rule. Abney, 431 U.S. at 663. Denial of a motion to dismiss under the Speedy Trial Act is not an appealable collateral matter. United States v. MacDonald, 435 U.S. 850, 857 (1978). We are, therefore, without jurisdiction to consider this issue. United States v. Bratcher, 833 F.2d 69, 72 (6th Cir.1987), cert. denied, 484 U.S. 1030 (1988).
 
 
 17
 Burgess' due process and equal protection claims also are not properly before us. In the criminal context, appellate review is generally prohibited until after conviction and the imposition of sentence. See Flanagan v. United States, 465 U.S. 259, 263 (1984). An exception to the final judgment rule has been established for collateral orders. Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). "The Cohen exception permits interlocutory appeals in only two situations in criminal prosecutions: (1) there may be immediate appeals from orders denying motions to dismiss on double jeopardy grounds (Abney) and (2) there may be immediate appeals from orders denying motions to reduce bail before trial (Stack v. Boyle, 342 U.S. 1 (1952))." Bratcher, 833 F.2d at 72 (citing MacDonald, 435 U.S. at 854-57). We, therefore, are without jurisdiction to review Burgess' due process and equal protection claims.
 
 B.
 
 18
 "The double jeopardy clause of the fifth amendment protects a criminal defendant from repeated prosecutions for the same offense." Oregon v. Kennedy, 456 U.S. 667, 671 (1982). The double jeopardy clause bars reprosecution after a mistrial when the order granting the mistrial contemplates an end to all prosecution of the defendant for the offense charged. Lee v. United States, 432 U.S. 23, 30 (1977). Generally, when the trial court declares a mistrial, it contemplates reprosecution notwithstanding the defendant's plea of double jeopardy. United States v. Scott, 437 U.S. 82, 92 (1978) (quoting Lee, 432 U.S. at 30). To prevent a double jeopardy bar to retrial when a mistrial is declared without the defendant's consent, there must have been a manifest necessity for the declaration. Scott, 437 U.S. at 93. In contrast, the government is not required to show manifest necessity to prevent a double jeopardy bar to retrial when the mistrial was granted on defendant's motion. Id. (defendant's motion for mistrial "deemed to be a deliberate election on [defendant's] part to forgo his valued right to have his guilt or innocence determined before the first trier of fact"). Retrial is barred, however, when the prosecutor or judge engages in conduct to "goad" the defendant to move for a mistrial. Kennedy, 456 U.S. at 673, 675-76 ("Prosecutorial conduct that might be viewed as harassment or overreaching, even if sufficient to justify a mistrial on defendant's motion ... does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause.").
 
 
 19
 In the instant case, both mistrials were declared in response to Burgess' motions. Our review of the record does not support Burgess' claims that the government caused the two mistrials. The record indicates that the first trial ended when jurors were exposed to newspaper articles discussing Burgess' withdrawn guilty plea.[2] The second trial ended after a ten-month delay resulting from Burgess' incompetence to stand trial. The record is devoid of evidence that the government engaged in conduct intended to goad Burgess into filing the two motions for mistrial.[3] Accordingly, we conclude that Burgess' double jeopardy claim must fail.
 
 III.
 
 20
 For the above stated reasons, we AFFIRM the district court's November 30, 1989, order denying Burgess' motion to dismiss the indictment.
 
 
 
 [1]
 Burgess was charged in a related state court matter where bond has been set at $500,000
 
 
 [2]
 Burgess contends that the motion for mistrial was granted because a Detroit police officer commented to a juror that the delay in the proceedings resulted from the transportation of Burgess from Wayne County jail where he was in custody. This contention is not supported by the record
 
 
 [3]
 Contrary to Burgess' claims, there is no evidence in the record indicating that the government was responsible for making him incompetent, thereby causing the second mistrial to be declared