**UNITED STATES of America, Plaintiff,**

v.

**Andre John DENNARD, Defendant.**

**No. 92–80260–DT.**

United States District Court,
E.D. Michigan, S.D.

Feb. 11, 1993.

Rafael M. Gonzalez, Jr., Asst. U.S. Atty., Detroit, MI, for plaintiff.

Margaret Sind Raben, Detroit, MI, for defendant.

### ORDER

JULIAN ABELE COOK, Jr., Chief Judge.

On November 30, 1992, a jury returned a verdict against the Defendant, Andre John Dennard, finding him guilty of (1) possession with intent to deliver cocaine base in violation of 21 U.S.C. § 841(a)(1) [Count 1], (2) using a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c) [Count 2], and (3) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) [Counts 3–5].

On December 11, 1992, he filed a motion to vacate Counts 3 and 4 because, in his judgment, they are multiplicious with his conviction on Count 5. The Government does not contest the multiplicity issue but argues that the three counts should be merged for purposes of sentencing. The Government submits that to vacate Counts

3 and 4 would be tantamount to overturning a valid finding by the jury.

It is established that the "simultaneous possession of several weapons constitutes only one offense under Section [922(g)]." *United States v. Smith*, 591 F.2d 1105 (5th Cir.1979); *United States v. Reed*, 647 F.2d 678, 684 (6th Cir.1981), *cert. denied*, 454 U.S. 837, 102 S.Ct. 142, 70 L.Ed.2d 118 (1981); *United States v. Grinkiewicz*, 873 F.2d 253, 255 (11th Cir.1989). However, where a defendant fails to object to multiplicious counts in the indictment prior to trial, he is barred from challenging his convictions. *Grinkiewicz*, 873 F.2d at 255 (citing *United States v. Mastrangelo*, 733 F.2d 793, 800 (11th Cir.1984); *United States v. Smith*, 918 F.2d 1501, 1515 n. 5 (11th Cir.1990), *cert. denied*, —— U.S. ——, 112 S.Ct. 151, 116 L.Ed.2d 117 (1991); *United States v. Davis*, 799 F.2d 1490, 1496 (11th Cir.1986); *United States v. Stovall*, 825 F.2d 817, 821 (5th Cir.1987), amended, 833 F.2d 526 (1987); *See also United States v. Briscoe*, 896 F.2d 1476, 1522 (7th Cir.1990), *cert. denied*, 498 U.S. 863, 111 S.Ct. 173, 112 L.Ed.2d 137 (1990). He may only challenge his separate sentences for multiplicious convictions. *Grinkiewicz*, 873 F.2d at 255; *Davis*, 799 F.2d at 1494; *Stovall*, 825 F.2d at 821.

On appeal, district courts' imposition of multiple sentences for multiplicious counts have been dealt with in two ways: either the multiple counts or the multiple sentences were vacated. *See e.g., United States v. Evans*, 854 F.2d 56, 60 (5th Cir. 1988) (remanded with instruction to vacate multiplicious counts); *United States v. Pelusio*, 725 F.2d 161, 168 (2d Cir.1983) (remanded with instruction to dismiss multiplicious counts); *Grinkiewicz*, 873 F.2d at 253 (sentences vacated and remanded for resentencing); *Davis*, 799 F.2d at 1494 (remanded with instruction to vacate multiple sentences).[1]

The Sixth Circuit Court of Appeals has noted that inasmuch as convictions may be merged after jury verdicts have been recorded, a district court may defer to the Government's decision to prosecute upon multiplicious counts. *United States v. Throneburg*, 921 F.2d 654, 657 (6th Cir. 1990). This Court believes that the appropriate remedy at the district court level in a case in which the defendant has failed to challenge the multiplicity of the counts prior to trial is a merger of the convictions for purposes of sentencing.

Accordingly, the Court will deny Dennard's motion to vacate Counts 3 and 4 as multiplicious. However, the Court will merge Counts 3, 4 and 5 for purposes of sentencing.

IT IS SO ORDERED.

---

**1.** Dennard cites *United States v. Rosenbarger,* 536 F.2d 715 (6th Cir.1976), *cert. denied,* 431 U.S. 965, 97 S.Ct. 2920, 53 L.Ed.2d 1060 (1977), in support of his contention that the appropriate remedy is to vacate the multiple counts. *Rosenbarger* is distinguishable from the present case. In *Rosenbarger,* the district court imposed three consecutive sentences rather than a single sentence for multiplicious convictions of felon in possession of a firearm. The Sixth Circuit Court of Appeals determined that pre-trial dismissal of a multiplicious indictment is not required but sentences for each count would be erroneous. Finding it appropriate to correct the error on appeal rather than remanding for a new collateral proceeding, the Sixth Circuit Court of Appeals vacated two counts. The end result, which was a single sentence, could have also been achieved by a merger and resentencing.