7 F.3d 235
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Andre John DENNARD, Defendant-Appellant.
 No. 93-1257.
 United States Court of Appeals, Sixth Circuit.
 Sept. 13, 1993.
 
 On Appeal from the United States District Court for the Eastern District of Michigan, No. 92-80260; Cook, Judge.
 E.D.Mich., 812 F.Supp. 749.
 AFFIRMED AND REMANDED.
 Before: KENNEDY and RYAN, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Andre John Dennard appeals his jury convictions for possession with intent to distribute cocaine, using a firearm during a drug trafficking offense, and being a felon in possession of a firearm. On appeal, defendant contends that the District Court erred (1) in instructing the jury that the government satisfied its burden of proof by proving that the crime charged in the indictment occurred "on or about" March 23, 1992; (2) in denying defendant's motion for judgment of acquittal; (3) in denying defendant's motion for a new trial; and (4) in imposing concurrent fifteen-year sentences on the three felon-in-possession counts. For the reasons set forth below, we affirm defendant's convictions but remand for resentencing.
 
 I.
 
 2
 On March 23, 1992, based on information that defendant was selling cocaine from the premises while armed with firearms, agents for the Bureau of Alcohol, Tobacco and Firearms ("ATF") obtained and executed a search warrant at the residence at 5927 Hedge in Detroit, Michigan. While conducting spot surveillance of the residence, prior to obtaining the warrant, ATF agents had observed defendant enter and leave the premises on several occasions.
 
 
 3
 Upon entering the house to execute the search warrant, Agent Krappman observed an individual resembling defendant running from the living room to the rear of the house. While searching the upstairs of the residence for the individual who fled, agents found an open window leading to the outside and saw a single deep set of footprints in the snow right outside the window, and a lighter set of footprints leading away from the house towards the backyard, suggesting that someone had jumped out the window.
 
 
 4
 Agent John Griffith, who was stationed outside the home during the execution of the search warrant, unsuccessfully chased the individual he saw running from the house. During the chase, however, this individual looked back (over his shoulder) several times to check the proximity of the pursuing agent. After arriving back at the residence, Agent Griffith was shown a photograph of defendant. Agent Griffith was unable to identify the defendant as the individual he chased.
 
 
 5
 During the search of the premises, agents found, in the bedroom, male clothing, a loaded .22 caliber assault rifle and a loaded 12 gauge pump action firearm underneath the bed, and the words "Andre loves Laura" written on the wall next to the bed. In the kitchen, agents discovered a silver metal platter containing cash and crack cocaine. Defendant's fingerprint was on the platter. Also in the kitchen was a loaded .38 caliber Smith & Wesson revolver and a set of keys. The keys belonged to defendant. The agents also recovered two boxes of ammunition, a shoe box for Fila shoes, and several documents addressed to defendant at the 5927 Hedge address.
 
 
 6
 On March 26, 1992, three days after the search, defendant was arrested near 5927 Hedge street as part of "Operation Gunsmoke," a separate law enforcement program used to apprehend persons with outstanding warrants. Defendant was wearing Fila shoes and clothing similar to that worn by the individual who fled from 5927 Hedge during the ATF agents' execution of the search warrant. Back at ATF headquarters, Agent Griffith was informed that Dennard had been arrested. Agent Griffith asked if Dennard was the person who had fled from 5927 Hedge and the agents said, "yes." Later that day when Agent Griffith stopped by the processing room to see a fellow officer from his investigation group, Agent Griffith identified Dennard, who was being processed, as the individual who had fled from the residence. Again at trial, Agent Griffith identified defendant as the individual he unsuccessfully chased on the day of the search warrant.
 
 
 7
 On June 18, 1992, defendant was charged with one count of possession with intent to distribute cocaine base, in violation of 18 U.S.C. § 841(a)(1); one count of using a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c); and three counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The jury convicted defendant on all five counts. Thereafter, the District Court denied defendant's motion for judgment of acquittal or new trial and his motion to vacate counts three and four on grounds of multiplicity. On February 11, 1993, the District Court sentenced defendant to 115 months on count one with concurrent 115-month sentences on counts three, four and five, and a 60-month consecutive sentence on count two. This timely appeal followed.
 
 II. "On or about" Language in Indictment
 
 8
 Defendant contends that the District Court erred in its instruction regarding the jury's proper consideration of the "on or about" language contained in the indictment. In count one of the indictment, the grand jury charged that "[o]n or about March 23, 1992, at 5927 Hedge, Detroit ... the defendant ... did knowingly and intentionally possess with intent to distribute cocaine base...." Count two charged that "[o]n or about March 23, 1992, at 5927 Hedge, Detroit ... the defendant ... used and carried a firearm, during and in relation to a drug trafficking crime." Counts three through five charged that "[o]n or about March 23, 1992," defendant, having been convicted of a crime punishable by imprisonment for a term exceeding one year, possessed three different types of firearms.
 
 
 9
 Regarding the "on or about" language contained in the indictment, the District Court instructed the jury as follows:
 
 
 10
 Now, I want to say a word about the dates that have been mentioned in the amended indictment.
 
 
 11
 The amended indictment charges that the crimes occurred "on or about" a certain date. The government does not have to prove that the crimes happened on that exact date. But the government must prove that the crimes occurred reasonably close to that date.
 
 
 12
 Joint App. at 211. See United States v. Ford, 872 F.2d 1231, 1237 (6th Cir.1989) ("When 'on or about' language is used in an indictment, proof of the exact date of an offense is not required as long as a date reasonably near that named in the indictment is established."), cert. denied, 495 U.S. 918 (1990); Pattern Criminal Jury Instruction 2.04, Sixth Circuit 1991 Edition. Defendant maintains that this instruction was error because the proof at trial required the court to instruct the jury that the government had the burden of proving the crimes occurred on the exact March 23, 1992 date. Specifically, defendant contends that the government failed to present any evidence that the guns or drugs were present in the house on any day other than March 23, 1992. Defendant's defense is that he was not the individual present in the house on March 23, 1992 when the officers executed the search warrant. He argues that the District Court's instruction permitted the jury to convict him even if they agreed he was not present on that date.
 
 
 13
 In United States v. Neuroth, 809 F.2d 339, 341-42 (6th Cir.1987), this Court stated that:
 
 
 14
 In determining whether an "on or about" instruction is proper in a particular case, the district court should look at how specifically the government alleges, in its indictment, the date on which the offense occurred, and compare that to the proof at trial as to what date the offense occurred. If the indictment or the proof points exclusively to a particular date, it would be preferable for the trial judge to avoid the "on or about" language.
 
 
 15
 This Court further held, however, that if all the evidence points exclusively to a particular day, the "on or about" instruction can be harmless error:
 
 
 16
 We believe the concern that an "on or about" instruction may encourage a jury to speculate wildly as to the commission of a crime on a date not covered by the proof is misplaced. A jury would have no reason to speculate on a date if there was no proof directed thereto. The risk that a jury may make a finding of fact unsupported by the evidence is inherent in every case and cannot be obviated completely by any instruction.
 
 
 17
 Id. at 342.
 
 
 18
 Here, in addition to the evidence relating the events of March 23, 1992, the government also presented sufficient evidence establishing defendant's constructive possession of the guns and drugs found at the Hedge Street residence. "Constructive possession exists when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." United States v. Craven, 478 F.2d 1329, 1333 (6th Cir.), cert. denied, 414 U.S. 866 (1973). The government presented evidence that defendant listed the Hedge Street address as his residence (1) when reporting to pre-trial services; (2) when receiving pre-trial services visitors; and (3) under oath in a court proceeding. ATF agents also found defendant's keys and several documents addressed to the defendant at the Hedge Street address. The agents also found a .38 caliber Smith & Wesson revolver and cocaine in the kitchen of the residence. Defendant's fingerprint was on the metal platter (found in the kitchen) which contained cash and cocaine. Additionally, the agents found two other firearms in a bedroom of the house in which "Andre loves Laura" was written on the wall. This evidence, combined with the testimony of the agents that they observed defendant at the Hedge Street residence during the two weeks preceding March 23, 1992, and Agent Soranno's testimony that the search warrant was obtained because the agents had information that defendant was selling cocaine from those premises, while armed, which was not objected to, supports defendant's convictions for drug and gun possession "on or about" March 23, 1992. Alternatively, if defendant is correct that all of the evidence relates to the March 23 date, "[w]e cannot say that the asserted error 'more probably than not' affected the verdict in this case. Therefore, such error, if any, was harmless." Neuroth, 809 F.2d at 342.
 
 
 19
 III. Motions for Judgment of Acquittal and New Trial
 
 
 20
 Defendant next contends that the District Court erred in denying his motion for judgment of acquittal or new trial. Defendant's motion for acquittal was filed under Fed.R.Crim.P. 29(c) and his motion for new trial under Rule 33. Rule 29(c) provides that the motion "may be made or renewed within 7 days after the jury is discharged or within such further time as the court may fix during the 7-day period." Rule 33 employs the same seven-day rule (except for motions based on newly discovered evidence). Rule 45(b) provides in turn that the district court "may not extend the time for taking any action under Rules 29, 33, 34 and 35, except to the extent and under the conditions stated in them." Here, the District Court discharged the jury on November 30, 1992, after the jury returned its guilty verdicts. Thereafter, on December 7, 1992, defendant filed a Motion for an Extension of Time to file his Rule 29 and Rule 33 motions. Although a member of the judge's staff reported to defendant's attorney that the judge would grant the motion December 9, the order granting defendant's motion and extending the time to file his motion until December 11, 1992 is dated December 10. On December 11, 1992, defendant filed his motion for judgment of acquittal or new trial. Excluding holidays and weekends, pursuant to Rule 45(a), the seventh day after November 30, 1992 (date jury discharged) was December 9, 1992. Consequently, the District Court's December 10, 1992 order and the defendant's December 11, 1992 motion were untimely.
 
 
 21
 In United States v. Davis, 992 F.2d 635 (6th Cir.1993), this Court held that the District Court lacked power under Rule 29 to enter a judgment of acquittal on its own motion more than seven days after the jury had been discharged. Relying on the Supreme Court's decisions in United States v. Smith, 331 U.S. 469 (1947) and United States v. Robinson, 361 U.S. 220 (1960) this Court reiterated the general rule that:
 
 
 22
 The provisions of Rule 29 do not differ from those of Rule 33 in any respect sufficient to justify different treatment of these rules.... Like Rule 33, Rule 29 requires that motions be made within a specific seven-day period, or within such further time as the court may fix within that period. Rule 45(b) prohibits the court from extending the time for taking any action under Rule 29 and Rule 33 in a manner inconsistent with those rules.
 
 
 23
 Id. at 639-40. See also United States v. Hocking, 841 F.2d 735, 736 (7th Cir.1988) (concluding that, pursuant to Rule 45(b), "a court lacks the adjudicatory power to dispose of an untimely motion under Rules 29, 33, 34 and 35."). Thus, because the District Court lacked authority to rule on defendant's motion, defendant has failed to preserve the issue for appeal. Moreover, even if we were to consider the merits of defendant's claims, we find no error in the District Court's denial of defendant's motion for acquittal or new trial.
 
 A. Motion for Judgment of Acquittal
 
 24
 Defendant contends that the District Court erred in denying his motion for judgment of acquittal because there was insufficient evidence to support his convictions. In reviewing the District Court's denial of a motion for judgment of acquittal, this Court considers the evidence as a whole, taken in the light most favorable to the prosecution, together with all legitimate inferences to be drawn therefrom, to determine "whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). In so doing, the court must not weigh the evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury. United States v. Evans, 883 F.2d 496, 501 (6th Cir.1989).
 
 
 25
 As discussed above, sufficient evidence was presented to establish defendant's constructive possession of the drugs and firearms found in the Hedge Street residence.
 
 
 26
 Additionally, under 18 U.S.C. § 924(c), the government had to prove that defendant (1) carried or used a firearm; (2) during and in relation to a drug trafficking crime. This court has adopted the "drug fortress" theory, under which if it reasonably appears that a firearm found on the premises controlled or owned by a defendant and in his actual or constructive possession is to be used to protect the drugs or otherwise facilitate a drug transaction, then the firearm is used "during" and "in relation to" a drug trafficking crime. United States v. Head, 927 F.2d 1361, 1366 (6th Cir.), cert. denied, 112 S.Ct. 144 (1991). Sufficient evidence supports defendant's conviction on this charge.
 
 
 27
 Similarly, 18 U.S.C. § 922(g) requires knowing possession by a felon of a firearm in or affecting interstate commerce. Evidence of constructive possession of a firearm is sufficient to sustain a conviction under § 922(g). Here, during the execution of the search warrant, ATF agents seized three firearms from the Hedge Street residence. It is undisputed that defendant has previously been convicted of crimes punishable by a term of imprisonment exceeding one year. Consequently, sufficient evidence supports defendant's convictions for being a felon in possession of a firearm.
 
 B. Motion for New Trial
 
 28
 The decision to grant or deny a motion for new trial rests within the sound discretion of the district court and this Court will not reverse the District Court's ruling on a motion for new trial absent a clear abuse of discretion. United States v. Seago, 930 F.2d 482, 488 (6th Cir.1991). Defendant contends that he is entitled to a new trial because the "on or about" jury instruction allowed the jury to convict him without finding that he was present at the Hedge Street address on March 23, 1992. Because the "on or about instruction" was proper, the District Court did not abuse its discretion in failing to grant defendant a new trial.
 
 C. Merger of the Sentences
 
 29
 Defendant's final contention is that the District Court erred in sentencing him to three concurrent sentences on counts three through five (Felon in Possession). After his jury convictions, defendant filed a motion to vacate counts three and four as multiplicitous to his conviction in count five. The government conceded, and the District Court found the counts to be multiplicitous because the "simultaneous possession of several weapons constitutes only one offense under Section 922(g)." Joint App. at 26-27 (citing United States v. Smith, 591 F.2d 1105 (5th Cir.1979); United States v. Reed, 647 F.2d 678, 685 (6th Cir.), cert. denied, 454 U.S. 837 (1981); United States v. Grinkiewicz, 873 F.2d 253, 255 (11th Cir.1989)). However, if the defendant fails to object to the multiplicitous counts in his indictment before trial, he is barred from challenging his convictions on appeal and can only challenge his separate sentences for these convictions. See Grinkiewicz, 873 F.2d at 255. See also United States v. Throneburg, 921 F.2d 654 (6th Cir.1990) (this Court held that while a defendant may be tried and convicted under section 922(g)(1) on separate counts for the ammunition and the firearm, a defendant may not be sentenced on both).
 
 
 30
 Here, upon defendant's convictions for the three felon-in-possession charges, the District Court should have merged the three counts for sentencing purposes and imposed only one sentence. United States v. Sims, 975 F.2d 1225, 1235 n. 9 (6th Cir.1992) ("This Court has implicitly approved of merging multiple 924(c) counts for sentencing purposes."), cert. denied, 113 S.Ct. 1620 (1993); United States v. Reed, 639 F.2d 896, 904 n. 6 (2d Cir.1981) (stating that "the principal danger in multiplicity--that the defendant will be given multiple sentences for the same offense--can be remedied at any time by merging the convictions and permitting only a single sentence."). Although the court did impose only one special assessment fee for all three convictions, the court imposed concurrent 115-month sentences on all three counts, instead of only one sentence.
 
 IV.
 
 31
 Accordingly, defendant's convictions are AFFIRMED, and this case is REMANDED for resentencing on counts three, four and five.