UNITED STATES of America,
Plaintiff–Appellee,

v.

Delores RUPERT (93–2373); Michael Hall (93–2380); and Amelia Ramon (94–1105), Defendants–Appellants.

UNITED STATES of America,
Plaintiff–Appellant,

v.

Charles CARLISLE (93–2470),
Defendant–Appellee.

Nos. 93–2373, 93–2380,
93–2470 and 94–1105.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 6, 1994.

Decided Feb. 21, 1995.

James R. Redford (argued and briefed), Office of the U.S. Atty., Grand Rapids, MI, for plaintiff-appellee.

Victor L. Bland (argued and briefed), Kalamazoo, MI, for Delores Marie Rupert.

Lawrence J. Phelan (argued and briefed), Grand Rapids, MI, for Michael Hall.

Scott Graham, Gemrich, Moser, Bowser, Fette & Lohrmann, Kalamazoo, MI, Joel R. Myler (argued), James A. Christopherson, (briefed), Blakeslee, Chambers, Peterson, Dalrymple & Christopherson, Traverse City, MI, for Charles Carlisle.

Kenneth M. Mogill (argued and briefed), M. Jon Posner, Mogill, Posner & Cohen, Detroit, MI, for Amelia Ramon.

Before: BROWN, RYAN, and BOGGS, Circuit Judges.

BOGGS, Circuit Judge.

Rupert, Ramon, and Hall appeal their convictions for conspiracy to possess marijuana with the intent to distribute, in violation of 21 U.S.C. §§ 841 and 846. The government appeals the court's granting of Carlisle's motion for acquittal. We affirm the convictions of Rupert, Ramon, and Hall, and reverse Carlisle's acquittal. Our discussion of the issues presented by Rupert, Ramon, and Hall is contained in an unpublished appendix to this decision.

I

The government argues on appeal that the district court lacked jurisdiction to acquit Carlisle.

On July 13, the jury convicted Carlisle, along with the other defendants before us, of one count of conspiracy to possess marijuana with intent to distribute. On July 23, Carlisle filed a motion for judgment of acquittal. The seven-day period in which Carlisle could move for acquittal under Fed.R.Crim.P. 29 does not include weekends, so it lapsed on July 22. The district court denied Carlisle's motion on August 24, 1994.

When Carlisle appeared for sentencing on October 14, however, the court on its own motion reversed its earlier decision and granted Carlisle's motion for acquittal.[1] The court wrote: "I do not believe that a rational trier of fact could find beyond a reasonable doubt, as the jury was instructed in Instruction 10B it must, that Carlisle knowingly and voluntarily joined the conspiracy." The district court held that the evidence was insufficient to convict under *Jackson v. Virginia.* Following the Sixth Circuit's decision in *United States v. Burgess,* 931 F.2d 893 (6th Cir.1991) (Table), 1991 WL 66056, and *United States v. Pearce,* 912 F.2d 159 (6th Cir. 1990), *cert. denied,* 498 U.S. 1093, 111 S.Ct. 978, 112 L.Ed.2d 1063 (1991), the district court found that the government failed to

---

1. The court noted in footnote 1 of its Opinion: The government correctly points out that ... defendant's motion was filed on July 23. However, I can conceive of no prejudice to the United States which will result from consideration of a motion that is one day late in this case. Because I believe that refusal to hear this motion would result in grave injustice, and because the Rule [29] permits the court to extend the deadline, I will consider this motion as if it were filed in a timely manner.

prove that Carlisle entered into an agreement.

Under Rule 29, it is beyond the court's jurisdiction to grant an untimely motion for acquittal. Furthermore, it is beyond a court's jurisdiction to enter a judgment of acquittal *sua sponte* after the case has been submitted to the jury. Fed.R.Crim.P. 29; *United States v. Davis*, 992 F.2d 635, 640 (6th Cir.), *cert. denied,* — U.S. ——, 114 S.Ct. 265, 126 L.Ed.2d 217 (1993); *see also United States v. Dennard*, 7 F.3d 235 (6th Cir.1993)(Table), 1993 WL 351742.

In *Davis*, as here, the district court initially denied defendant's motion for acquittal. At sentencing, however, the court, as here, reversed its previous decision, asserting that it had the inherent authority to consider a judgment of acquittal after the discharge of the jury "if necessary to correct manifest injustice." *Id.* at 637. On appeal, we ruled that a district court does not have such inherent authority. *Id.* at 638. We noted that there is no provision in Rule 29 that allows a court to act on its own initiative after the case is submitted to the jury. *Id.* at 639. However, under Rule 29(c), if Carlisle had moved for acquittal within seven days of the discharge of the jury (or later, if the court so allowed during that seven-day period), it would have been within the court's jurisdiction to grant Carlisle's motion for acquittal.

The district court lacked the jurisdiction to acquit Carlisle. We therefore must reverse the judgment of acquittal.

## II

In conclusion, we affirm the convictions of Ramon, Rupert, and Hall. However, we reverse Carlisle's judgment of acquittal and remand for the district court to reinstate the jury's verdict and for sentencing.